Dear Mr. Laborde:
You requested the opinion of this office concerning the authority of the legislature and/or the Louisiana Recovery District (the "Recovery District") to levy a tax on certain items that are currently exempted from the Recovery District's sales tax base. Your questions are as follows:
 Does the Louisiana Recovery District, created by Act 15 of the First Extraordinary Session of 1988, have the authority to annually suspend the exemptions applicable to its sales tax base? Does the Recovery District have the authority to eliminate the exemptions applicable to its sales tax base? Is Recovery District action a necessary condition in order to suspend the exemptions applicable to the Recovery District sales tax base?
 Is legislative action required in order to either suspend or eliminate the exemptions of the Recovery District sales tax base? With respect to the Recovery District sales tax base, is the legislature's authority limited to authorizing the Recovery District to suspend exemptions? Does the legislature have the authority to revise the tax exemption provided in Chapter 2 of Title 47, thereby unilaterally suspending the Recovery District sales tax base exemptions?
Article VI, Section 19 of the Louisiana Constitution authorizes the legislature to create special districts. Pursuant to this authority, the legislature by R.S. 39:2001, et seq. created the Recovery District. R.S. 39:2002(B) states that the Recovery District is:
 . . . a special taxing district whose boundaries are coterminous with the state of Louisiana and which shall be a body politic and corporate and a political subdivision of the state with all of the powers of a political subdivision and with such further powers and functions as are set forth in this Chapter.
R.S. 39:2006 provides that the Recovery District may levy and collect a sales and use tax not to exceed one percent, provided that the rate thereof, when combined with the rate of all other sales and use taxes levied on a statewide basis, does not exceed four percent. Subsection (B) thereof states:
 The tax so authorized shall be imposed by ordinance adopted by the district without the need of an election and shall be levied upon the sale at retail, the use, the lease or rental, the distribution, the consumption, and the storage for use or consumption of tangible personal property, and on sales of services in the state of Louisiana, as presently defined in and as provided by Chapter 2 of Title 47 of Louisiana Revised Statutes of 1950, subject to the tax exemptions provided in Chapter 2 of Title 47, of the Louisiana Revised Statutes of 1950. (emphasis added)
It is the opinion of this office that the Recovery District is subject to the exemptions set forth in R.S. 47:301, et seq. as of the effective date of the Recovery District's act, namely March 28, 1988. Furthermore, the Recovery District does not have the innate authority to suspend or eliminate the exemptions found in R.S. 47:301, et seq.; however, the legislature may enact legislation to authorize the Recovery District to suspend or eliminate the exemptions from its sales tax, after which the Board of Directors of the Recovery District may take action to suspend or eliminate the exemptions. Inasmuch as the proceeds of the tax secure the outstanding bonds of the District, the legislature does not have the authority to unilaterally suspend or eliminate the exemptions from the District's tax. See Art.VI, Sec. 29(D) of the La. Const. of 1974.
Trusting that this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 2906m